EULA DOWNING ROETHLINGER v. PAUL W. ROETHLINGER, ANNE C. ROETHLINGER, CHARLES A. ROETHLINGER, JR., RUTH C. ROETHLINGER, HERSHALL R. SUMMERS, AUGUSTA R. SUMMERS, JACK R. HARRELL, KATHRYN R. HARRELL, RICHARD R. ROETHLINGER AND MINNIE M. ROETHLINGER

No. 745SC1053

(Filed 19 March 1975)

**Wills § 34— fee simple interest given to wife under will — no contingent remainder interest in children**

Statement in the testator's will, "That I do bequeath my entire holdings to my beloved wife — Eula Downing Roethlinger — and I do not wish any interference from my children," gave plaintiff widow all of testator's property absolutely and without restriction, and his subsequent statement, "If she remarries — it will be divided accordingly," did not give defendant children a contingent remainder interest in the same property upon remarriage of the plaintiff.

Judge MARTIN dissenting.

APPEAL by plaintiff from *Tillery, Judge.* Judgment entered 5 September 1974 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 20 February 1975.

*Smith & Spivey by Jerry L. Spivey for plaintiff appellant.*

*No counsel for defendant appellees.*

VAUGHN, Judge.

The question presented is whether plaintiff Eula Downing Roethlinger, widow of testator, took a fee simple interest under the following will:

"To all concerned —

That I do bequeath my entire holdings to my beloved wife—Eula Downing Roethlinger—& I do not wish any interference from my children—she may give Augusta Mae what she wishes otherwise do not wish any other interference—I am not well—but I am well satisfied as to conditions I do hope Eula will be happy & I do want her to have my home. If she remarries—it will be divided accordingly—but otherwise she has everything—

Charles Albert Roethlinger Sr.

(Don't contest this writing)"

Roethlinger v. Roethlinger

The trial judge concluded that testator's intent "was to convey to his wife, Eula Downing Roethlinger a defeasible fee simple estate to the lands described in the Complaint, and upon the remarriage of his wife, Eula Downing Roethlinger, the lands would go over to his surviving children, the defendants in this action."

The court then decreed that plaintiff " . . . has a defeasible fee simple estate in the land described in the Complaint, and that the defendants [children of testator] have a contingent remainder interest in the same land upon the remarriage of the plaintiff."

The opening part of the will is not ambiguous: "That I do bequeath my entire holdings to my beloved wife—Eula Downing Roethlinger—and I do not wish any interference from my children. . . . " No rules of construction need be employed to conclude that this sentence gives his wife all of his property absolutely and without restriction.

Does the following part of the will, "If she remarries—it will be divided accordingly" clearly take away that which he had already given unconditionally? We do not think so. The language is ambiguous and does not unmistakably show an intent to divest testator's wife of the fee first given in the will. The judgment is reversed and the case is remanded for entry of judgment in conformity with this opinion.

Reversed and remanded.

Chief Judge BROCK concurs.

Judge MARTIN dissenting: I would affirm the judgment of the trial court.